UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE SEALS, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:20-cv-01656-SRC |
| | ) | |
| WRIGHT MEDICAL TECHNOLOGY, INC., | ) | |
| | ) | |
| Defendant(s). | ) | |

**Memorandum and Order**

Willie Seals received a total-hip replacement in 2010 with an artificial hip implant manufactured by Wright Medical Technology, Inc ("Wright"). One decade later, the device failed, forcing Seals to undergo revision surgery and rehab. Seals blames Wright for his injuries, bringing claims of product liability, negligence, and breach of warranties. Seals alleges that Wright fraudulently misrepresented to him and his doctor that Wright's device was safe and effective, despite mounting evidence of adverse outcomes with Wright's metal-on-metal hip implants. Wright moved to dismiss four counts in Seals's complaint. The Court grants the motion, in part, and denies, in part. Doc. 13.

**I.     Background**

Plaintiff Willie Seals filed a Complaint against Defendants in November 2020. Doc. 1 at ¶ 8. Seals alleges that he received a left total-hip arthroplasty on January 16, 2010. *Id.* Seals's surgeon was Dr. Robert L. Barrack at Barnes-Jewish Hospital in St. Louis, Missouri. *Id.* Seals states that Dr. Barrack implanted him with the "Wright Conserve Total Hip System." *See id.*

Seals alleges that on August 24, 2020, he had to undergo revision surgery to replace the components because the Conserve device failed. *Id.*

Seals claims that he "lost his mobility, needlessly suffered severe pain, was forced to undergo unnecessary revision surgery, surgical trauma, and excessive rehabilitation." *Id.* at ¶ 79. Seals asserts that the "revision procedure revealed metallosis in the subcutaneous tissue at the hip joint and gluteal fibers," and "a large metal on metal pseudotumor." *Id.* at ¶ 80. Seals seeks damages for: Failure to Warn (Count 1); Design Defect (Count 2); Manufacturing Defect (Count 3); Breach of Warranties (Count 4); Intentional Misrepresentation (Count 5); Negligence (Count 6); Unfair Trade Practices (Count 7); and Punitive Damages (Count 8). *See id.*

Wright moves to dismiss Counts 4, 5, 7, and 8 of Seals's Complaint under Federal Rule of Civil Procedure 12(b)(6). Doc. 13. Wright does not seek dismissal of Counts 1, 2, 3, and 6. *See id.*

The Court notes that Seals originally brought suit against Wright and another entity, Wright Medical Group, Inc. Doc. 1. After Defendants filed their motion to dismiss [13], the parties stipulated to dismiss without prejudice Wright Medical Group, leaving Wright as the sole remaining defendant. Doc. 26.

**II.     Standard**

Under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of FRCP 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This requirement of

facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).  The Court must grant all reasonable inferences in favor of the nonmoving party.  *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff[.]" *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010).  However, if a claim fails to allege one of the elements necessary to recover on a legal theory, the Court must dismiss that claim for failure to state a claim upon which relief can be granted.  *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011).  Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice.  *Iqbal*, 556 U.S. at 678; *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).  Although courts must accept all factual allegations as true, they are not bound to take as true a legal conclusion couched as a factual allegation.  *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted).

**III.    Discussion**

Wright asserts that the Court should dismiss Counts 4, 5, 7, and 8 of Seals's Complaint. Doc. 13; *see also* Fed. R. Civ. P. 12(b)(6).  First, Wright argues that Seals's claim for breach of warranties (Count 4) fails to provide the required pre-suit notice and fails to plead the requisite elements of the claim.  *Id.* at 5–7.  Second, Wright argues that Seals's claims for intentional misrepresentation (Count 5) and Unfair Trade Practices (Count 7) fail to plead allegations of fraud with sufficient particularity under Federal Rule of Civil Procedure 9(b).  *Id.* at 8–11.

3

Third, Wright argues that Seals cannot bring an independent claim for punitive damages (Count 8) under Missouri law.  The Court addresses each argument in turn.

### A. Count 4 – breach of warranties

Wright moves to dismiss Count 4 of Seals's Complaint because Seals did not provide pre-suit notice or adequately plead the required elements of a breach-of-express-warranty claim. *Id.* at 5–7.  In response, Seals stipulates that he will not pursue his breach-of-warranties claim. Doc. 25 at 1.  Therefore, the Court dismisses Count 4 of Seals's Complaint without prejudice.

### B. Counts 5 and 7

Wright moves to dismiss Count 5 and 7 for failure to meet Federal Rule of Civil Procedure 9(b)'s requirement that plaintiffs state allegations of fraud with particularity.  Doc. 13 at 8–11.  Rule 9(b) provides:  "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  "Because one of the main purposes of the rule is to facilitate a defendant's ability to respond and to prepare a defense to charges of fraud, conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *Commercial Property Investments, Inc. v. Quality Inns Int'l*, 61 F.3d 639, 644 (8th Cir. 1995) (internal citations omitted).

Under Rule 9(b), a plaintiff must plead "such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (quoting *Abels v. Farmers Commodities Corp.,* 259 F.3d 910, 920 (8th Cir. 2001)).  The party must identify the "who, what, where, when, and how" of the alleged fraud. *Id.*; *see also Johnsen v. Honeywell Int'l Inc.*, 2015 WL 631361, at *3 (E.D. Mo. 2015) (MMPA). Rule 9(b) "is intended to enable the defendant to respond specifically and quickly to the

4

potentially damaging allegations." *United States ex rel. Benaissa v. Trinity Health*, 963 F.3d 733, 739 (8th Cir. 2020) (quoting *United States ex rel. Costner v. URS Consultants, Inc.*, 317 F.3d 883, 888 (8th Cir. 2003)).

### 1. Count 5 – intentional misrepresentation

Seals claims in Count 5 that Wright made misrepresentations of fact about the Conserve device to Seals, his orthopedic surgeon, and the medical community. Doc. 1 at 21–22. In Missouri, plaintiffs alleging intentional misrepresentation must plead: "(1) a false, material representation; (2) the speaker's knowledge of its falsity or his ignorance of its truth; (3) the speaker's intent that it should be acted upon by the hearer in the manner reasonably contemplated; (4) the hearer's ignorance of the falsity of the representation; (5) the hearer's reliance on its truth; (6) the hearer's right to rely thereon; and (7) the hearer's consequent and proximately caused injury. *Bohac v. Walsh*, 223 S.W.3d 858, 862–63 (Mo. Ct. App. 2007).

Misrepresentation claims fall within Rule 9(b)'s requirements regardless of whether the plaintiff explicitly labels it a "fraud" claim. *See, e.g., Freitas v. Wells Fargo Home Mortg., Inc.*, 703 F.3d 436, 439 (8th Cir. 2013). Seals concedes that Rule 9(b) applies to his intentional misrepresentation claim but argues that his Complaint satisfies Rule 9(b). The Court finds, at a minimum, that Seals failed to sufficiently plead the "where" and "how," or the "when," of Wright's alleged misrepresentations. *See BJC Health Sys.*, 478 F.3d at 917.

Seals does not state with particularity where or how Wright made any of the various misrepresentations alleged in the Complaint. Seals asserts that "Defendants made misrepresentations of material facts about the Conserve and intentionally concealed information about the Conserve from Plaintiff, Plaintiff's orthopedic surgeon, and the medical community

5

prior to and after Plaintiff was implanted with the Conserve." Doc. 1 at 21.  Seals adds that Defendants' misrepresentations included:

> a. Falsely representing the Conserve as reducing wear and providing higher function for patients than other available hip systems;
> b. Falsely representing that the Conserve is a safer and stronger alternative when compared with other available hip systems;
> c. Falsely representing that the Conserve provided fluid film lubrication;
> d. Failing to disclose the clinical significance and safety concerns regarding heavy metal poisoning;
> e. Failing to disclose patterns and trends of failure of Conserve hip replacements;
> f. Failing to disclose heavy metal poisoning of patients with Conserve hip replacements.

*Id.*  Seals argues that these allegations are sufficient to show that Wright, "from the time of FDA-approval of the Conserve, falsely stated to Plaintiff, and to Plaintiff's physicians and the public in advertising and marketing, that the Conserve was safe and well-tolerated, despite [Wright's] knowledge that this statement was false."  Doc. 25 at 5.

But Seals did not set out the location of these statements or how Wright communicated each of them to Seals or his doctor.  *See* Doc. 1 at 21–22; *see also Baryo v. Philip Morris USA, Inc.*, 435 F.Supp.2d 961, 968 (W.D. Mo. 2006) (holding that a fraud claim failed to meet Rule 9(b)'s specificity requirements by failing to allege the circumstances of the fraud).  Even when alleging a systemic practice of fraud, plaintiffs "must provide some representative examples of [the defendant's] alleged fraudulent conduct, specifying the time, place, and content of their acts and the identity of the actors."  *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557 (8th Cir. 2006); *see also Goldman v. Tapestry, Inc.*, 2020 WL 6742780, at *2 (E.D. Mo. 2020); *Blake v. Career Educ. Corp.*, 2009 WL 140742, at *3 (E.D. Mo. 2009).  Seals claims that Wright widely advertised with false statements about the Conserve's safety, but he fails to point to a single example of marketing or advertising materials containing the alleged misrepresentations.  Doc. 1 at 21–22.  Seals's pleadings are conclusory and devoid of detail, providing the general

6

content of the alleged misrepresentations without any of the context that would allow Wright to defend against the claim. *See Schaller Telephone Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002) ("[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule."). Accordingly, Seals does not plead with sufficient particularity the "where" and "how" of Wright's alleged misrepresentations.

Nor does Seals plead with sufficient particularity "when" Wright made the alleged misrepresentations that he and his doctor relied upon. *See Owen Continental Development, LLC v. Village Green Management Co.*, 2011 WL 5330412, at *5 (E.D. Mo. 2011) (granting motion to dismiss fraudulent misrepresentation claim where, "Plaintiff fails to mention the specific statements that were made, the identity of the individual or individuals who made the statements, or when the statements were made."). Seals fails to state when each of the alleged misrepresentations took place; the Complaint does not say when any of them began or when they ended. *See* Doc. 1 at 21–22. He essentially claims that Wright communicated all of the alleged misrepresentations both before and after Seals's surgery on January 26, 2010. *See id* at 3. And his Complaint alleges that "[t]o this day, Defendants continue to claim to orthopedic surgeons and the public that the Conserve is a safe and successful product." *Id.* at 6.

Seals's Complaint fails to plead with specificity when each of the alleged misrepresentations took place, therefore it fails to state a claim of fraud. *See, e.g., O'Reilly Auto. Stores, Inc. v. Reflexis Sys., Inc.*, 2020 WL 6051268, at *2 (W.D. Mo. 2020) (granting the defendant's motion to dismiss a fraud claim for failure to plead "when" the misrepresentations occurred); *Hill v. Bank of Am., N.A.*, 2016 WL 6441599, at *4 (E.D. Mo. 2016) ("pleading a single instance of misrepresentation occurred during a two month time period does not satisfy the particularity requirement of [Rule] 9(b)'s 'when' element.").

7

In his brief, Seals cites *Davis v. Wright Med. Tech., Inc.*, 2014 WL 2115223, at *3 (C.D. Cal. 2014). In *Davis*, the district court denied Wright's motion to dismiss claims of fraud when "plaintiff allege[d] that Wright Medical Technology concealed a history of failures affecting the implant he received." *Id.* But *Davis* is distinguishable. *Davis* applied a more lenient pleading standard because the plaintiff mainly alleged fraudulent omissions. Additionally, the complaint in *Davis* contained specific allegations as to when each of the misrepresentations occurred.

Seals's claim for intentional misrepresentation fails to meet the pleading requirements of Rule 9(b). Accordingly, the Court dismisses Count 5 without prejudice and grants Seals leave to amend his Complaint. *See* Fed. R. Civ. Pro. 15(a).

## 2. Count 7 – Unfair Trade Practices (MMPA)

Seals claims in Count 7 that Wright committed Unfair Trade Practices under the Missouri Merchandising Practices Act ("MMPA"). Doc. 13 at 8–11. "The MMPA is a broad statute, prohibiting '[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice, or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . .'" *Blake*, 2009 WL 140742, at *2 (quoting Mo.Rev.Stat. § 407.020.1). The elements of an MMPA claim are: "(1) the plaintiff bought merchandise from the defendant; (2) the merchandise was bought for personal, family, or household purposes; (3) the plaintiff suffered an ascertainable loss of money or property; and (4) the loss was a result of an act declared unlawful in [the MMPA]." *Wright v. Bath & Body Works Direct, Inc.*, 2012 WL 12088132, at *1 (W.D. Mo. 2012) (citing *Chochorowski v. Home Depot U.S.A., Inc.*, 295 S.W.3d 194, 198 (Mo. App. E.D. 2009)).

Plaintiffs alleging a violation of the MMPA must satisfy the particularity requirement of Rule 9(b). *See, e.g., Johnsen*, 2015 WL 631361, at *9 ("In MMPA actions, courts apply the particularity requirements of Fed.R.Civ.P. 9(b) pertaining to fraud."). Just like with fraud claims, MMPA claims "must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *Johnsen*, 2015 WL 631361, at *9 (quoting *Mattingly v. Medtronic, Inc.*, 466 F.Supp.2d 1170, 1174 (E.D. Mo. 2006)).

The Court finds that Seals's claim for Unfair Trade Practices under the MMPA fails to satisfy the heightened pleading requirements of Rule 9(b) for the same reasons as his claim for intentional misrepresentation. Seals does not plead with particularity where, how, or when Wright made the statements alleged in the Complaint. Doc. 1 at 23–24. Seals asserts in his Complaint that Wright committed the following "deceptive and unfair" acts:

 a. Representing the Conserve as a device which was clinically proven to be safe and effective;
 b. Representing the Conserve to be of a higher quality and more desirable product than other available alternatives;
 c. Failing to disclose adequate information about the safety and efficacy of the Conserve either before or after Plaintiff's purchase;
 d. Knowingly providing inadequate warnings about the Conserve's dangerous propensity to heavy metal poisoning.

Doc. 1 at 23.

These allegations fail to state with particularity the "what," "how," and "when" of each of these acts, or which of them Seals and his orthopedic surgeon relied upon. *See Mattingly*, 466 F. Supp. 2d at 1174 (dismissing fraud and MMPA claims under Rule 9(b)); *Baryo*, 435 F. Supp. 2d at 968 (same). The Complaint only provides vague allegations as to when Wright made the statements and the factual circumstances surrounding the statements. Doc. 1 at 21; *see also*

9

*Stephens v. Arctic Cat Inc.*, 2011 WL 890686, at *8 (E.D. Mo. 2011) (dismissing MMPA claim because "Plaintiff has failed to specify when the alleged conduct took place. Plaintiff uses only vague approximations of time, such as 'while Plaintiff was visiting New Mexico.'").

Seals's claim for Unfair Trade Practices under the MMPA fails to meet the pleading requirements of Rule 9(b).  Accordingly, the Court dismisses Count 7 without prejudice and grants Seals leave to amend his Complaint.  *See* Fed. R. Civ. Pro. 15(a).

### C. Count 8 – Punitive Damages

Wright moves to dismiss Count 8, which seeks punitive damages.  Doc. 1 at 24–25.  Wright asserts that Seals cannot obtain punitive damages through a separate count because Missouri does not recognize an independent cause of action for punitive damages.  *See id.* (citing *Amesquita v. Gilster-Mary Lee Corp.*, 408 S.W.3d 293, 305 (Mo. Ct. App. 2013) ("Punitive damages do not constitute an independent cause of action.") and *Guilford v. Bos. Sci. Corp.*, 2020 WL 1668279, at *4 (W.D. Mo. 2020)).

Wright misconstrues Seals's complaint.  Seals may seek punitive damages in connection with the other claims in his Complaint, including the claims that Wright did not move to dismiss.  Doc. 1 at 24–25; *see also Guilford*, 2020 WL 1668279, at *4 ("Plaintiff cannot maintain a standalone count for punitive damages, but Missouri courts have allowed separate punitive damages counts to proceed *so long as they incorporate by reference actual-damages claims*." (emphasis added)).  Count 8 expressly incorporates the rest of the Complaint by reference and then proceeds to set out the allegations necessary to claim punitive damages.  Doc. 1 at 24–25.  Thus, Count 8 is not an independent claim for punitive damages; it seeks punitive damages on Seals's other claims.  For example, Seals maintains three strict liability claims for Manufacturing Defect (Count 3), Design Defect (Count 2), and Failure to Warn (Count 1), and each allow

recovery of punitive damages. *See Lewis v. Envirotech Corp.*, 674 S.W.2d 105, 113 (Mo. Ct. App. 1984) ("Punitive damages may be recovered in strict liability actions in Missouri when the defendant's conduct shows complete indifference to or conscious disregard for the safety of others."). The Court will not dismiss Count 8 on this basis.

### IV. Conclusion

The Court grants in part and denies in part Wright's Motion to Dismiss. Doc. 13. The Court dismisses Count 4 without prejudice, based on Seals's stipulation that he will not pursue his claim for breach of warranties. The Court dismisses Counts 5 and 7 for failure to meet the particularity requirements of Rule 9(b) but grants Seals leave to amend those counts no later than May 3, 2021. The Court denies Wright's Motion to Dismiss Count 8, because Seals pleads this count for punitive damages in connection with his other claims.

So Ordered this 29th day of April, 2021.

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**